### PAT OWEN v. JOHN J. FOLEY.

Decided June 19, 1902.

**1.—Deed—Delivery.**

A deed does not take effect until delivered. See evidence which, it seems, would warrant a finding that a deed had never been delivered.

**2.—Same—Fraudulent Conveyance—Right of Creditor to Attack.**

Where O., in contemplation of insolvency, executed a deed of land to his brother-in-law, without consideration, and after retaining it in his possession for more than a year, had it recorded, a creditor of his whose debt accrued between the date of the deed and the date of its record, had the right to attack it as fraudulent, and have the land subjected to his judgment.

Appeal from the District Court of Harris County. Tried below before Hon. Wm. H. Wilson.

*Gillaspie & Davenport* and *Hamblen & Hamblen,* for appellant.

*O. T. Holt* and *L. B. Moody,* for appellee.

GARRETT, Chief Justice.—This was an action of trespass to try title brought by the appellant against the appellee to recover a part of certain lots in the city of Houston. John Owens was common source of title, which was conveyed to him January 31, 1893. He became indebted to the appellee between December 23, 1895, and November 23, 1896, in the sum of $300, and on the latter date executed his note to the appellee for that amount. The appellee brought suit upon the note and recovered judgment thereon against John Owens October 7, 1897, and the land was afterwards, July 1, 1901, sold under this judgment and bought by the appellee. The appellant was a brother-in-law of John Owens and had resided with him for twenty years. On December 23, 1895, John Owens, in contemplation of insolvency, signed and acknowl-

edged a deed to the appellant for the property in controversy, which he retained in his possession until April 8, 1897, when he placed it of record, and afterwards delivered it to Pat Owens, the appellant. This deed was without consideration, and John Owens afterwards received the rents of the property and exercised ownership over the same, and the deed itself, after its record was shown on one occasion, in a transaction involving the lots in controversy, to have been in the possession of a son of John Owens named Pat J. Owens, who claimed to be the grantee named in the deed. On May 25, 1897, John Owens having become insolvent, made an assignment for the benefit of creditors. As found by the trial judge, the deed from John Owens to Pat Owens was not a bona fide transaction, and was made in anticipation of the insolvency of John Owens, and for the purpose of covering up his property and putting it beyond the reach of his creditors, and both the grantor and grantee concurred in this intention. We find that the conclusions of the trial judge are fully sustained by the evidence. It was also shown that while the deed is dated December 23, 1895, and was acknowledged on that date, John Owens retained possession of it, and that it was never delivered to the appellant until after it had been recorded. When it was recorded it was returned to John Owens, and although the appellant testified that after its record the deed had been delivered to him, it was found in the possession of Pat J. Owens, a son of John Owens, who claimed to be the grantee. A deed does not take effect until delivery, and the appellee therefore had the right to attack the conveyance as fraudulent and void as to him, and the judgment, execution and sheriff's deed were admissible in evidence to show that the appellee had acquired the title at the sheriff's sale of the property. The evidence does not show limitation in favor of the appellant. There is no error in the judgment, and it will be affirmed.

*Affirmed.*